Rosemary POTTER, Plaintiff Below, Appellant

v.

Judith BLACKBURN, Defendant Below, Appellees.

No. 323,2002.

Supreme Court of Delaware.

Submitted: March 19, 2004 [1].

Decided: May 25, 2004.

1. This case was stayed pending the decisions in *Mason v. Rizzi*, No. 339, 2002, 2004 WL 439690, 2004 Del. LEXIS 109 (Del. Mar. 3, 2004), and *Eskin v. Carden*, 842 A.2d 1222 (Del.2004). The last mandate in these matters was the mandate issued in *Mason v. Rizzi* on March 19, 2004.

Kenneth M. Roseman, Esquire, of Ciconte, Roseman & Wasserman, Wilmington, Delaware, for Appellant.

Colin M. Shalk, Esquire, of Casarino, Christman & Shalk, P.A., Wilmington, Delaware, for Appellee.

Before VEASEY, Chief Justice, HOLLAND, BERGER and STEELE, Justices, and CHANDLER, Chancellor,[2] constituting the Court en Banc.

STEELE, Justice, for the Majority.

In this appeal we consider the admissibility of portions of a physician's testimony relating to causation of injuries arising from a motor vehicle accident. We conclude that the trial judge's rulings on Motions *in Limine* challenging the physician's opinions on the theory that those opinions were allegedly based upon the amount of property damage to colliding vehicles correctly resolved the underlying issues fairly presented to the Court.

### *Facts*

On April 24, 1998, a car driven by the defendant, Judith Blackburn, rear-ended a car driven by the plaintiff, Rosemary Potter. Each vehicle sustained some damage, and following the accident Potter received medical treatment for a rotator cuff injury. Potter sued Blackburn, alleging that Blackburn's negligence caused Potter's injuries.

Dr. Stuart Felzer, Dr. Lyn Phillips, and Dr. Evan Crain testified for Potter via videotaped depositions. All three physicians treated Potter following the accident, and each testified that the collision caused Potter's injuries. They also testified that the injuries resulted in Potter's two later

surgeries and incurrence of $25,947 in medical expenses.

Dr. Erol Ger testified for Blackburn via videotaped deposition. As part of his pre-trial evaluation of Potter, Dr. Ger received a detailed account of the accident from Potter and examined Potter on August 1, 2001. He also reviewed a photograph of the rear of Potter's vehicle and Potter told him that her car had incurred property damage of $800. Dr. Ger did not see a photograph of Blackburn's car nor did he learn the amount of estimated repair costs to her vehicle. Part of Dr. Ger's testimony included his opinion that the collision did not cause Potter's rotator cuff injury. On cross-examination, Dr. Ger was confronted with a repair bill, not admitted into evidence, suggesting that the costs of repairing Blackburn's vehicle exceeded $3,000.

Blackburn moved *in limine* to exclude the causation testimony of Potter's experts, and Potter moved *in limine* to exclude the causation testimony of Dr. Ger. The trial judge denied Blackburn's motions. That decision is not at issue in this appeal. Potter argued to the trial judge that Dr. Ger improperly based his opinion regarding injury causation on a "view of a single photograph." The trial judge denied Potter's motion. During trial, Blackburn moved to exclude Dr. Ger's response on cross-examination in a trial deposition that his opinion regarding injury causation might have changed had he known the amount of damage sustained by Blackburn's vehicle. The trial judge granted Blackburn's motion and excluded that portion of the deposition cross-examination.

The jury rendered a verdict of $3,140 in Potter's favor. Potter appeals.

**2.** Sitting by designation pursuant to DEL. CONST. art. IV, § 12 and DEL. SUPR. CT. R. 2 &

4.

### Issues on Appeal

Potter seeks review of two evidentiary rulings made by the trial judge. First, she claims that the trial judge erroneously denied her motion to exclude the expert testimony of Dr. Ger relating to causation. Second, Potter claims that the trial judge erred by granting Blackburn's Motion *in limine* to exclude a portion of the taped trial deposition of Dr. Ger on cross examination. We review a trial judge's decision regarding the admissibility of expert testimony for abuse of discretion.[3] When an appellant claims that a trial judge abused his or her discretion in admitting evidence, this Court will first consider whether the specific rulings were correct.[4] If the Court determines that a trial judge abused his or her discretion, the Court will then consider whether the mistakes constituted significant prejudice so as to have denied the appellant a fair trial.[5] When, however, arguments not fairly presented to the trial judge are presented for the first time on appeal, we review for plain error. For the reasons set forth below, we affirm the trial judge's evidentiary rulings.

### Potter's Motion in Limine to Exclude Dr. Ger's Expert Testimony

On May 28, 2002, Potter's counsel presented his motion to exclude Dr. Ger's opinion that the accident did not cause Potter's rotator cuff injury on the grounds that Dr. Ger based his opinion "upon his review of a single photograph"[6] and that the question for the trial judge was: "does a medical expert have sufficient training or

expertise to rely upon photographs of damage to reach an opinion concerning the cause of injury?"[7] Potter's counsel went on to argue:

> I mean, had Dr. Ger testified that there were other bases for his opinions independent of his reliance upon photographs, then I think, like any other opinion from a doctor, it would come in, I can attack the weight. But where the opinion was based solely upon his conclusion regarding the forces of impact, and his determination of forces of impact *are dependent upon his view of a single photograph, then that raises a real question of whether or not he's qualified to make that opinion,* ....
>
> ...
>
> ... we have a doctor who's basing his opinion upon forces of impact solely upon the amount of property damage to two vehicles, and he's not qualified to do that. And because that is the basis of Dr. Ger's opinion, and because that's the only opinion that he reached, then I don't think he should be allowed to express that opinion. So that's my motion in limine.[8] (emphasis added)

Potter's counsel argued quite straightforwardly to the trial judge: (1) Dr. Ger did not have the expertise to base an opinion on causation of the injury based *solely* upon a photo of damage to the plaintiff's auto; (2) but, if he relied on other independent bases for his opinions, then "I think, like any other opinion from a doctor, it would come in, I can attack the weight."[9] Potter insists that the trial judge erred because Dr. Ger based his opinion solely

3. *M.G. Bancorporation, Inc. v. Le Beau*, 737 A.2d 513, 522 (Del.1999).

4. *Barriocanal v. Gibbs*, 697 A.2d 1169, 1171 (Del.1997).

5. *Id.*

6. Trial Transcript at 14.

7. *Id.* at 14–15.

8. *Id.* at 15–16.

9. *Id.* at 15.

on the photo(s), and, thus, the opinion should not have been admitted.

The trial judge clearly understood the thrust of Potter's counsel's argument and remarked that the plaintiff: "... seeks to bar the portion of the deposition testimony of Dr. Ger where he expresses an opinion that ... it was unlikely that the low-impact collision would have resulted in the particular rotator cuff injury that the plaintiff has *based on his view of one photograph.*[10] (emphasis added). In response to Blackburn's counsel's retort that *his* questions "completely eliminated the damage to the vehicle and which completely eliminated the photograph," Potter's counsel again contended that *"Dr. Ger admits that he relied solely upon the photograph of the vehicle."*[11] (emphasis added)

The trial judge then ruled that ... "the testimony that Dr. Ger gave that he, in part, I guess, in large part formed the opinion that he did about causation [that the rotator cuff injury could not have resulted from the accident] came from what was recounted to him by his patient ...."[12] The trial judge then denied Potter's Motion *in Limine.* The trial judge's bench ruling clearly responded directly to Potter's counsel's argument that Dr. Ger's opinion that the accident could not have caused a rotator cuff injury was based solely on a review of a photograph of Potter's vehicle. The trial judge believed the record supported a more extensive basis for the opinion than merely a photo of the damage to Potter's auto. Even Potter's counsel conceded that if there were other factors that Dr. Ger considered, then Dr. Ger's opinion would be admissible. The trial judge rejected Potter's counsel's factual premise and found that Dr. Ger's

causation opinion was, in fact, formed "in large part" ... "from what was recounted to him by his patient."

Having found the opinion to be based in large part upon *other* factors, the trial judge acted appropriately within his discretion by denying the motion.

Here, on appeal, Potter's counsel makes a distinctly different argument. He argues to us that:

> The Trial Court abused its discretion by admitting the opinion testimony of Dr. Errol Ger regarding the cause of the plaintiff's injury. *Dr. Ger's opinion that the collision did not cause plaintiff's injury was based upon the fact that plaintiff's vehicle only sustained property damage in the amount of $800.00* .... The Trial court admitted Dr. Ger's opinion because Dr. Ger obtained the information regarding the amount of property damage directly from the plaintiff.[13]

He further argues that the trial judge's reasoning, though that reasoning relied in large part on Potter's history, "did not establish that Dr. Ger was qualified to use that information to form his ultimate opinion regarding causation."[14]

Now, Potter's counsel argues that Dr. Ger's opinion was erroneously admitted, not on the sole basis of a view of a photo of auto damage, but on "the fact that the plaintiff's vehicle only sustained property damage in the amount of $800"—a fact Potter purportedly told Dr. Ger in her history. Potter's counsel then asks us to conclude that the trial judge denied Potter's Motion *in Limine* on the sole ground that Dr. Ger based his opinion on causa-

---

10. Trial Transcript at 17.

11. *Id.* at 21.

12. *Id.* at 26.

13. Appellant's Opening Br. at 6–7.

14. *Id.* at 7.

tion on the fact that Potter told him that Potter's vehicle cost $800 to repair. Of course, that argument ignores Dr. Ger's own statement about the several factors he relied upon and sidesteps two fundamental points arising from the premise that he relied upon more than vehicle damage viewed in a single photo. First, Potter, told Dr. Ger about the accident's impact on her body; and, second, the injury complained of was to the rotator cuff. It was not a soft tissue, subjective, mild muscle sprain or strain typical to low-impact collisions.

▮ The trial judge serves as the gatekeeper for expert testimony. Before an expert opinion may be admitted, the trial judge must ensure that the opinion is "relevant, reliable, validated, and, therefore, trustworthy."[15] The court must also determine whether the witness offering the opinion is qualified to render that opinion.[16] This Court has adopted a five-step test for determining the admissibility of opinion testimony.[17] For expert testimony to be admissible, (1) the witness must be "qualified as an expert by knowledge, skill, experience, training or education;"[18] (2) the evidence must be relevant and reliable; (3) the expert's opinion must be based upon information "reasonably relied upon by experts in the particular field;"[19] (4) the expert testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue;"[20] and (5) the

expert testimony must not create unfair prejudice or confuse or mislead the jury.

Potter's counsel never presented the trial judge with an opportunity to rule on the precise argument raised before us. The trial judge, however, ruled correctly on the argument actually raised in the Motion *in Limine.* Potter contends on appeal that *Daubert*[21] scrutiny would have resulted in a bar to Dr. Ger's opinion testimony and would have avoided an alleged inconsistency between the trial judge's ruling on Potter's Motion *in Limine* and Blackburn's Motion *in Limine.* Unfortunately, no one specifically asked the trial judge to consider the implication, if any, of *Daubert* on either motion.

This leads us to our review of the second evidentiary ruling about which Potter complains.

### Blackburn's Motion in Limine to Exclude Dr. Ger's Testimony

▮ We believe that Potter misunderstands the issue before the trial judge and the rationale for his ruling. Potter appears to accept the superficial view that the ruling discussed above, allowing Dr. Ger to opine that the accident did not cause a rotator cuff injury, was based on the "sole view of a photograph showing damage" to Potter's auto *or* on her oral representation that her vehicle repairs cost only $800. Potter then concludes that the ruling must be inconsistent with the ruling

15. *Mason v. Rizzi,* No. 339, 2002, 2004 WL 439690, at *4, 2004 Del. LEXIS 109, at *12 (Del. Mar. 3, 2004).

16. *See Eskin v. Carden,* 842 A.2d 1222, 1227 (Del.2004) ("A witness may testify as an expert when qualified as an expert and the trial judge determines that the witness has scientific, technical or other specialized knowledge that will assist the trier of fact in understanding evidence or in determining a fact at issue.").

17. *Cunningham v. McDonald,* 689 A.2d 1190, 1193 (Del.1997).

18. DEL. UNIF. R. EVID. 702.

19. DEL. UNIF. R. EVID. 703.

20. DEL. UNIF. R. EVID. 702.

21. *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

granting Blackburn's Motion *in Limine* to exclude cross-examination of Dr. Ger on the subject of $3,000 repair costs to Blackburn's "striking" vehicle.

It bears mentioning that the parties' Motions *in Limine* were presented and argued two days apart—on May 28 and May 30, respectively. They were not presented in isolation to a trial judge totally unabsorbed by other trial issues. We encourage trial counsel to present arguments in a sufficiently specific format to put a trial judge fairly on notice of the issues and argument or recognize that an appeal of the ruling will be subject to a plain error analysis.

Dr. Ger's direct testimony did not mention photographs of the damage to Potter's car nor did it include any reliance upon the repair costs, however reported or recorded, to either vehicle. The trial judge correctly concluded, in our view, that Dr. Ger's comments about the significance of the purported repair costs to Blackburn's vehicle during cross examination (i) were outside his realm of expertise, (ii) raised issues upon which he did not directly testify, and (iii) referred to facts not admitted into evidence (the repair costs). Dr. Ger's expertise was limited to medicine. He was simply not qualified to opine on the sufficiency of the forces generated during this accident and their impact on the cause of the particular injuries claimed in this case from a mere unverified estimate of vehicle repair costs.[22] Under these circumstances, it would have been nonsensical to allow Dr. Ger to speculate about how a $3,000 repair bill related to the forces involved in and the injuries resulting from this particular accident.[23]

### Conclusion

Accordingly, we review the trial judge's ruling on Potter's Motion *in Limine* for plain error because the issue presented to us was not fairly presented to the trial judge. On the issue actually presented, the trial judge properly allowed Dr. Ger's causation opinion into evidence because it was not premised merely on a "review of a single photograph." Further, the trial judge properly granted Blackburn's Motion *in Limine* because it barred testimony elicited on cross examination regarding repair costs not admitted into evidence, on issues not testified to by Dr. Ger on direct

---

22. *See Eskin v. Carden,* 842 A.2d 1222 (Del. 2004) (Admissible biomechanical testimony bridges the gap between the general forces at work in an accident determined by physical forces analysis (whether it be "physics" or "engineering") and the specific injuries suffered by the particular person who was affected by those forces. The testimony must provide definitive evidence that the physics of a particular accident did (or did not) cause a particular injury to a particular individual. A trial judge must closely scrutinize this testimony to be confident that it is trustworthy, i.e., relevant, reliable and validated.); *Mason v. Rizzi,* 2004 WL 439690, 2004 Del. LEXIS 109 (Del., Mar. 3, 2004).

23. The dissent unfortunately fails to come to grips with the fact that the trial judge rightly concluded that Dr. Ger's opinion was not based on his view of a single photo of the plaintiff's vehicle. To nonetheless allow cross examination of Dr. Ger on the basis of the $3,000 damage to the defendant's vehicle (as the dissent suggests) would have done three things. First, it would have opened the door for the defendant to insist on the equivalent right to introduce into evidence the comparatively minor ($800) damage to the plaintiff's vehicle as demonstrating the minor impact of the collision. Second, it would have invited Dr. Ger to opine about something (the force of impact based on damage to a vehicle) on which he admittedly had no expertise, thus placing pure speculation before the jury. Third, it would have allowed cross examination based on a report of damage to the striking vehicle that was not even in evidence. We think the trial judge reached the common sense result, a result that avoided the unwholesome consequences that would flow from the dissent's "let it all in" approach.

examination and avoided speculation about the relationship between estimated vehicle repair costs and the force of impact generated in the accident.

Based on the foregoing, we AFFIRM the judgment of the Superior Court.

IT IS ORDERED that the time within which a motion for reargument may be timely filed under Supreme Court Rule 18 is shortened to three days from the date of this Opinion.

Berger, J., Dissenting.

The majority attempts to reconcile the trial court's two evidentiary rulings without ever coming to grips with the fact that Potter was not allowed to cross-examine Dr. Ger on a significant basis for his medical conclusion. The jury heard Dr. Ger testify that the collision was low impact; that part of what he relied on in determining it was low impact was the amount of damage to Potter's vehicle; and that a low-impact collision would not have caused the injuries Potter claimed were attributable to the accident. The trial court did not let the jury hear the following testimony, elicited on cross-examination:

Q. Now part of what you relied upon in determining that this was a low-impact collision was the amount of damage to Mrs. Potter's vehicle; isn't that correct?

A. Correct.

* * *

Q. Were you aware of the fact that it [cost] in excess of $3,000 to repair the front of the striking vehicle?

A. No, I was not.

* * *

Q. Would the information concerning the amount of damage that was caused to the front of the striking vehicle affect your opinion that this accident was a low-impact collision?

A. Yes, it would.

Q. Would the fact that this accident was not a low-impact collision but involved a higher impact have any effect on your opinion concerning the cause of Miss Potter's injury?

A. Yes, it would.

Q. Why is that?

A. Because if this were a high-impact collision, then I could see some damage being incurred to her shoulder. If it was a low-impact collision as I understood from her, then, as I said, I cannot see any correlation.

The majority says it would be "nonsensical" to have allowed this testimony into evidence. Perhaps so, if Dr. Ger's other "causation" testimony had been excluded. After letting the jury hear why Potter's injuries could not have resulted from this "low impact" collision, however, common sense dictates that the jury also hear the other side of that issue through the cross-examination quoted above.

I would reverse for a new trial and, accordingly, I dissent.