# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER A. CASE, | § | |
| | § | No. 134, 2015 |
| Plaintiff Below- | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | |
| AARON R. TAYLOR, | § | CA No. K13C-12-020 |
| | § | |
| Defendant Below- | § | |
| Appellee. | § | |

Submitted: January 13, 2016
Decided: February 3, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## *ORDER*

On this 3rd day of February 2016, it appears to the Court that:

(1) Plaintiff-Below/Appellant Christopher A. Case appeals from a Superior Court ruling which limited the testimony of his expert in this personal injury case. He contends that the trial court erred by ruling that his expert could not testify that Defendant-Below/Appellee Aaron R. Taylor was driving his vehicle in an unsafe or improper manner. He further contends that the trial court erred by precluding his expert from establishing Taylor's negligence based upon Taylor's familiarity with the Delaware Driver's Manual (the "Manual"). Although his expert did many calculations, the crux of both contentions is the use of a so-called "three-second rule"

or "four-second rule" found in the Manual. We find no merit to Case's appeal and affirm.

(2) On March 4, 2013, Taylor was driving southbound in the far right lane of U.S. Route 13 in Dover, Delaware. On this particular stretch of Route 13, there were three southbound motor vehicle lanes. To the right of the rightmost motor vehicle lane was a southbound bike lane. To the right of the bike lane was a right turn lane that led to a Delaware State University entrance. Ahead of Taylor, there was a commercial van towing a flatbed trailer. The flatbed trailer contained some plywood, but both the driver of the van and Taylor testified that the trailer did not affect their view of the road. Taylor estimated he was traveling thirty miles per hour and about thirty to forty feet behind the van before entering the right turn lane. The posted speed limit was forty miles per hour.

(3) At approximately 12:30 p.m., Taylor turned on his right turn signal and proceeded into the right turn lane. At the same time, Case was riding an adult tricycle northbound in the southbound bike lane. As Taylor checked his mirrors and entered the bike lane, which he had to cross to enter the turn lane, Case and Taylor collided. Case was severely injured. Case was cited for traveling in the wrong direction on a divided highway in violation of 21 *Del. C.* § 4126(a)(7). Taylor did not receive a citation.

(4) Case initiated this action against Taylor in December 2013. Before trial, the trial judge denied a defense motion for summary judgment but did find that Case was negligent *per se* due to Case's plea of guilty to the citation. Additionally, the trial court issued the order complained of on this appeal limiting the testimony of Case's expert. Specifically, the trial court ordered that Case's expert could not testify that Taylor's driving was improper or unsafe, and could not testify as to what or what were "proper or improper, safe or unsafe, speeds or distances"[1] because "[t]hat [was] for argument and jury determination based upon facts testified to by observing witnesses, not an opinion based upon the Driver's Manual."[2] The trial court also ruled that Case's expert could not use the Manual to establish that Taylor had committed a driving violation. However, the trial court did allow Case's expert to testify regarding his various mathematical calculations about following distances, speed, and line of sight.

(5) Trial commenced in February 2015. On cross-examination, Taylor testified that he was familiar with the Manual.[3] When asked about following distances, Taylor responded that the distance should be reasonable and safe, and that he remembered the Manual contained a two- and three-second recommendation. At that point,

---

[1] Appellant's Op. Br. App. at A104.
[2] *Id.*
[3] Taylor also referenced the Manual during his pretrial deposition.

3

Taylor's counsel objected to the use of the Manual, and the objection was sustained. In sustaining the objection, the trial court noted that the Manual's recommendations were not law but merely guidelines for safe driving. At the conclusion of the evidence and closing arguments, the trial judge instructed the jury that Taylor could be considered negligent if he violated any one of several motor vehicle statutes, including following too closely,[4] driving in a careless manner,[5] failing to give full time and attention to the operation of his motor vehicle,[6] and failing to keep a proper lookout.[7] The jury returned a verdict in favor of Taylor after it determined that Case's negligence was the sole proximate cause of the accident. This appeal followed.

(6) "We review a trial judge's decision regarding the admissibility of expert testimony for abuse of discretion."[8] "If the Court determines that a trial judge abused his or her discretion, the Court will then consider whether the mistakes constituted significant prejudice so as to have denied the appellant a fair trial."[9] "[R]elevant[] evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury . . . ."[10]

---

[4] 21 *Del. C.* § 4123.
[5] 21 *Del. C.* § 4176(a).
[6] 21 *Del. C.* § 4176(b).
[7] *Id.*
[8] *Potter v. Blackburn*, 850 A.2d 294, 297 (Del. 2004).
[9] *Id.*
[10] D.R.E. 403.

4

(7) In a part called "Sharing Space,"[11] the Manual discusses a three-second rule. It states that under the three-second rule, a driver should stay at least three seconds behind the vehicle in front of him. It then continues with a four-second rule, under which the driver should stay four seconds behind when following a vehicle. It gives ten situations to which the four-second rule applies. One of the ten is subtitled, "When following drivers who cannot see you."[12] It provides that "[t]he drivers of trucks, buses, vans or vehicles pulling campers or trailers may not be able to see [a driver] when [the driver is] directly behind them."[13] It also provides that: "Large vehicles also block your view of the road ahead. Falling back allows you more room to see ahead and to be seen."[14]

(8) Case contends that the trial court precluded his expert from testifying that Taylor was driving in an unsafe or improper manner because it was an opinion on an ultimate issue, and opinions on the ultimate issue are permitted under Delaware Rule of Evidence 704. We find, however, that the trial court excluded that portion of the expert's testimony because it was based on the three- and four-second rules set forth in the Manual, and that testimony concerning the Manual should be excluded under Rule 403.

---

[11] Appellant's Op. Br. App. at A93.
[12] *Id.* at 94.
[13] *Id.*
[14] *Id.*

5

(9) The jury was instructed that it could find Taylor negligent if he violated any one of several Delaware motor vehicle statutes. There was a risk that the jury may give the three- and four-second rules undue weight and use them as a legal measure of one or more of the statutes involved, such as following too closely, rather than focusing on the language of the statutes involved. The three- and four- second rules are not part of Delaware's motor vehicle code. They are not administrative regulations. Nowhere in the record is it established that they are so widely known that they constitute a standard of care. Moreover, it is not at all clear that they were intended to address a situation such as the one involved here— a bicyclist going north in a southbound bike line of Route 13 in clear violation of a traffic law.[15] The trial court acted within its discretion in concluding that evidence of the three- and four-second rules from the Manual could create a danger of confusion of the issues or unfair prejudice to Taylor.

(10) Case's contention that he should have been permitted to use the Manual because Taylor was familiar with it and relied upon it must also be rejected. His response at trial when asked about following distances in the Manual showed that he

---

[15] Case's expert was permitted to testify regarding the various distances and resulting lines of sight. He also opined, based on his calculations, that if there was a greater distance between Taylor and the van in front of him, he would have seen Case in time to perceive and react. With that being said, Case's expert did not opine as to whether Taylor would have enough time to stop before colliding with Case, which rendered his opinion regarding Taylor's negligence conclusory.

6

did not remember the Manual correctly. He also testified during discovery that the requirement of signaling at least 300 feet before turning was in the Manual, but it is a codified rule of the road at 21 *Del. C.* § 4155(b). Moreover, the three- and four-second rules present the same dangers of issue confusion and unfair prejudice to Taylor whether introduced during the expert's testimony or Taylor's cross-examination.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **AFFIRMED.**

BY THE COURT:

_____
Justice

7